*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-461**

IN RE NATHAN W. CHOI

**DDN2021-D217**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 985002**

BEFORE: Deahl and AliKhan, Associate Judges, and Ruiz, Senior Judge.

## O R D E R
(FILED—October 20, 2022)

On consideration of the accurate copy of the order from the State of Washington accepting Nathan W. Choi's permanent resignation from the practice of law while he was under disciplinary investigation; this court's July 8, 2022, order suspending Mr. Choi pending resolution of this matter and directing him to show cause why the functional reciprocal discipline of disbarment should not be imposed; Mr. Choi's lodged late response and exhibits; the statement of Disciplinary Counsel; Mr. Choi's reply to the statement of Disciplinary Counsel; and it appearing that Mr. Choi has not filed his D.C. Bar R. XI, § 14(g) affidavit, it is

ORDERED sua sponte that Mr. Choi's lodged response is filed. It is

FURTHER ORDERED that Nathan W. Choi is hereby disbarred from the practice of law in the District of Columbia. *In re Frank*, 252 A.3d 489 (D.C. 2021) (imposing disbarment as the functional equivalent of a disciplinary resignation); *In re Stein*, 241 A.3d 248 (D.C. 2020) (same).

Although Mr. Choi argues that exceptions apply and reciprocal discipline should not be imposed, his arguments merely attempt to challenge the disciplinary

charges alleged by the State of Washington. However, Mr. Choi waived his right to challenge those allegations when he voluntarily resigned from the practice of law in that jurisdiction rather than participate in the disciplinary proceedings. Further, Mr. Choi is not permitted to reargue his foreign discipline in this reciprocal-discipline case. *See, e.g.*, *In re Frank*, 252 A.3d at 490 (imposing disbarment as the functional reciprocal discipline of resignation while under disciplinary investigation); *In re Nosal*, 112 A.3d 919, 922 (D.C. 2015) ("We will not now hold a de novo evidentiary hearing after respondent deliberately waived his right to participate in the Illinois hearing." (italics omitted)); *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").

We also reject Mr. Choi's assertion that the Washington State disciplinary proceedings deprived him of due process because he had notice of those proceedings and an opportunity to respond, but he (1) chose to resign rather than defend against the misconduct allegations; (2) agreed to resign permanently in all other jurisdictions where he was admitted to practice; and (3) acknowledged that other jurisdictions could treat his resignation as a disbarment. Finally, contrary to Mr. Choi's argument, the imposition of reciprocal discipline would not constitute a grave injustice because he already agreed to resign permanently in this jurisdiction. It is

FURTHER ORDERED that, for purposes of reinstatement, Mr. Choi's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**